UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA CANTU SMITH,

    Plaintiff,

v.

FCA US LLC,

    Defendant.

Case No. 20-cv-00911-PJH

**ORDER RE: MOTION TO REMAND**

Re: Dkt. No. 15

Before the court is plaintiff Maria Cantu Smith's motion to remand. The matter is fully briefed[1] and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

On January 2, 2020, plaintiff filed a complaint ("Compl.") in Alameda County Superior Court alleging warranty claims for a defective vehicle. Dkt. 1-1. Plaintiff seeks a refund for the purchase price of a motor vehicle pursuant to the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794. Id. Defendant FCA US LLC ("defendant") was served on January 7, 2020. Id. Defendant then filed a notice of removal and removed the case to federal court on February 6, 2020. Dkt. 1. According to the complaint, plaintiff also brings suit against fictitious Doe defendants. Compl. ¶ 3.

Defendant has submitted evidence that it is a Delaware limited liability company

---

[1] Plaintiff has not filed a reply brief, which was due March 26, 2020. See Civil Local Rule 7-3(c).

1    with its principal place of business in Michigan.  Dkt. 17-1, Ex. B.  Though the complaint
2    does not clearly state, defendant assumes that plaintiff is a citizen of California, which
3    plaintiff has not refuted.  Plaintiff alleges that she paid $47,792.68 for the vehicle, a 2018
4    Alfa Romero Giula.  Dkt. 1-1 ¶ 4.  Defendant is alleged to have manufactured the vehicle
5    in question.  Id.  Plaintiff further alleges that the vehicle contained or developed various
6    defects in violation of the manufacturer's warranty.  Id. ¶¶ 5–6.  Plaintiff requests
7    restitution in the form of the original $47,792.68 that she paid for the vehicle as well as
8    civil penalties amounting to two times the original price or $95,585.36.  Id., Prayer for
9    Relief.  She also requests attorneys' fees and costs.  Id.

**DISCUSSION**

**A.    Legal Standard**

Removal jurisdiction is based entirely on federal statutory authority.  See 28 U.S.C. §§ 1441–55.  A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction."  28 U.S.C. § 1441(a).  A federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law."  Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

> To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal."  When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. . . .  If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in controversy."  When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.

Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83–84 (2014) (quoting 28 U.S.C. § 1446(a) & (c)(2); and citing § 1446(c)(2)(A)).  "[W]hen a defendant seeks

2

1  federal-court adjudication, the defendant's amount-in-controversy allegation should be
2  accepted when not contested by the plaintiff or questioned by the court." Id. at 87.

3  Once confronted with a motion to remand, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1199 (9th Cir. 2015); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citations omitted). Both "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotation marks omitted); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). Defendant cannot rely simply upon "conclusory allegations." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). "As with other important areas of our law, evidence may be direct or circumstantial." Ibarra, 775 F.3d at 1199. If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. See 28 U.S.C. § 1447(c).

**B.    Analysis**

Plaintiff argues that this case should be remanded because at the time the complaint was filed plaintiff did not know the true name of certain California-based automotive dealerships that serviced the vehicle in question and these dealerships were the named fictitious defendants. Mtn. at 4. Plaintiff states that she intended to amend the complaint once she learned the true legal identities of the fictitious defendants. Id. She also seeks attorney's fees because defendant improperly removed the case to federal court. Id. at 6. Defendant responds that this case satisfies the requirements of the diversity jurisdiction statute and further that the existence of diversity for removal purposes is determined at the instant of removal and any aspirational amendments are irrelevant for determining diversity jurisdiction. Opp. at 2.

3

The basis for plaintiff's motion is her contention that unnamed Doe defendants somehow destroy this diversity. This argument is misplaced. "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of [title 28], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Further, plaintiff's stated intent to name California defendants at some point in the future does not alter the diversity analysis. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)); see also Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (recognizing "the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected" (citations omitted)). Thus, plaintiff's stated future intentions are irrelevant for determining diversity of citizenship at the time defendant removed the case.

The citizenship inquiry does not end there, however. In both its notice of removal and opposition brief, defendant states that it is a Delaware corporation. Dkt. 1 at 3; Opp. at 7–8. Yet, as is obvious from the abbreviation "LLC" in FCA US LLC and as evidenced by the SEC Form 10-K that defendant submitted as evidence, FCA US LLC is a Delaware limited liability company and not a corporation. See Dkt. 17-1, Ex. B. The distinction between corporation and LLC matters when assessing citizenship for subject matter jurisdiction purposes. Unlike a corporation, an LLC "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has not disclosed its members.[2] The

---

[2] The court notes that several other district courts in this circuit have recognized that FCA US LLC's sole member is FCA North America Holding LLC and that entity's sole member is Fiat Chrysler Automobiles, N.V., a Dutch N.V. Lee v. FCA US, LLC, No. CV 16-5190 PSG (MRWX), 2016 WL 11516754, at *3 (C.D. Cal. Nov. 7, 2016); see Petropolous v. FCA US, LLC, No. 17-cv-0398 W (KSC), 2017 WL 2889303, at *5 (S.D. Cal. July 7, 2017) (collecting cases). The burden of establishing federal jurisdiction rests with defendant in this case. While these other opinions indicate the likely outcome of the citizenship question, defendant must make its own showing in this case.

4

court does not have sufficient information based on the parties' filings to determine FCA US LLC's owners and members and thus, cannot determine defendant's citizenship.

The final question is the appropriate remedy. Generally, a defendant's notice of removal may be amended freely prior to the expiration of the initial thirty-day removal period established by title 28 U.S.C. § 1446. Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir. 1969). That period has lapsed. After the thirty-day removal period, courts permit an amended notice "only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." Navarro v. Servisair, LLC, No. C 08-02716 MHP, 2008 WL 3842984, at *6 (N.D. Cal. Aug. 14, 2008) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 3733, at 358 (3d ed.1998)). Permitting amendment in this case would adhere to the principle that defendant stated, but imperfectly, the grounds for removal in the original notice.

## CONCLUSION

For the foregoing reasons, the court DENIES WITHOUT PREJUDICE plaintiff's motion. Defendant shall file an amended notice of removal within 14 days that more specifically sets out the grounds for removal. Plaintiff may then file any responsive motion that addresses defendant's short and plain statement of the grounds for removal.

**IT IS SO ORDERED.**

Dated: April 3, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge